| | |
|---|---|
| **FRANCE REDUCTEURS SA,** **d/b/a GENERAL TRANSMISSIONS,** **Plaintiff,** **v.** **YAT USA, INC. and** **ZHEJIANG YAT ELECTRICAL APPLIANCE CO., LTD.,** **Defendants.** | Civil Action No. _____ **COMPLAINT FOR PATENT INFRINGEMENT** **DEMAND FOR JURY TRIAL** |

Plaintiff France Reducteurs SA, d/b/a General Transmissions ("Plaintiff" or "General Transmissions"), by and through its undersigned counsel, alleges against Defendants YAT USA, Inc. ("YAT USA") and Zhejiang YAT Electrical Appliance Co., Ltd. ("Zhejiang YAT," and together with YAT USA, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2. Plaintiff France Reducteurs SA, doing business as General Transmissions, owns all right, title, and interest in and to U.S. Patent No. 9,759,300 B2 (the "'300 Patent"), attached hereto as Exhibit A, entitled "Transmission for a Wheeled Vehicle with a Walking Driver, and Wheeled Vehicle Equipped with Such a Transmission."

3. YAT USA imports into the United States, offers to sell, sells, distributes, markets, warrants, and supports self-propelled walk-behind lawnmowers and related transmission assemblies in the United States, including at least the SENIX X6 60V Max 21-inch Self-Propelled Cordless Lawn Mower, Brushless, Model/SKU LPSX6-H, and substantially similar products using the same or materially similar accused transmission design (collectively, the "Accused Products").

4. On information and belief, Zhejiang YAT designs, manufactures, assembles, supplies, imports, and/or imports into the United States through agents or intermediaries self-propelled walk-behind lawnmowers and related transmission assemblies for the U.S. market, including the Accused Products and the accused transmission assemblies used therein.

5. This Complaint pleads specific factual matter concerning the parties, the Accused Products, Defendants' knowledge of the '300 Patent, Defendants' accused manufacturing, importation, and sales activity, and the accused transmission structure and operation. A representative claim chart for Claim 1 of the '300 Patent is attached hereto as Exhibit B and incorporated by reference.

6. Plaintiff seeks damages, enhanced damages for willful infringement, injunctive relief, attorneys' fees and costs, and all other relief available at law and in equity.

## THE PARTIES

7. Plaintiff France Reducteurs SA, doing business as General Transmissions, is a French company with its headquarters and principal manufacturing operations at 2 rue Johannes Gutenberg, ZI du Bois Joly Sud, BP 317, 85503 Les Herbiers Cedex, France.

8. Plaintiff designs and produces transmissions, motors, controllers, and integrated drive systems for outdoor power equipment, including walk-behind lawnmowers and related drive systems.

9. On information and belief, YAT USA is a North Carolina corporation with its principal place of business and a regular and established place of business in Mecklenburg County, North Carolina. YAT USA publicly identifies a U.S. business and customer-support address at 10506 Bryton Corporate Center Dr., Suite 500, Huntersville, North Carolina 28078.

10. YAT USA markets and supports SENIX-branded outdoor power equipment in the United States, including through warranty and customer-support materials identifying YAT USA as the responsible U.S. entity and using YAT USA contact information, including senix.support@yatusa.com.

11. On information and belief, Zhejiang YAT is a Chinese corporation organized and existing under the laws of the People's Republic of China, with its principal place of

business at No. 150 Wenlong Road, Nanhu District (Zone), Jiaxing, Zhejiang, 314009 China. In certain of its English-language materials, Zhejiang YAT also refers to itself as "Zhejiang YAT Electric Appliance Co., Ltd."

12. Zhejiang YAT publicly describes itself as a manufacturer of garden machinery, power tools, and smart tools with production bases in Jiaxing and Ningbo, Zhejiang, sales branches in the United States and Europe, and a North American branch identified as YAT USA. On information and belief, Zhejiang YAT wholly owns YAT USA or otherwise controls and directs YAT USA as its U.S. sales and after-sales arm.

**JURISDICTION AND VENUE**

13. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

14. This Court has personal jurisdiction over YAT USA because YAT USA is a North Carolina corporation, maintains a regular and established place of business in this District, and has committed acts of infringement in this District.

15. This Court has personal jurisdiction over Zhejiang YAT because, on information and belief, Zhejiang YAT purposefully directed the Accused Products and accused transmission assemblies into the United States and this District, established and/or uses YAT USA as its North American branch and U.S. sales arm, supplied accused products and accused transmission assemblies to YAT USA in Mecklenburg County for U.S. distribution and sale, and participated in the marketing, support, and sale of the Accused Products in this District. Plaintiff's claims arise out of or relate to those contacts.

16. Venue is proper in this District as to YAT USA under 28 U.S.C. § 1400(b) because YAT USA has committed acts of infringement in this District and maintains a regular and established place of business in this District, including in Mecklenburg County, North Carolina. On information and belief, YAT USA also resides in this District.

17. Venue is proper in this District as to Zhejiang YAT because Zhejiang YAT is a defendant not resident in the United States and may be sued in any judicial district. Zhejiang YAT's joinder is disregarded in determining where the action may be brought with respect to YAT USA.

18. The Charlotte Division of the Western District of North Carolina is the proper division because YAT USA's identified North Carolina business operations are in Mecklenburg

3

County, which lies within the Charlotte Division of the Western District of North Carolina, and the claims against Zhejiang YAT arise from, among other things, accused products imported and distributed through YAT USA's Charlotte-area operations.

## THE '300 PATENT

19. The United States Patent and Trademark Office duly and legally issued the '300 Patent (Exhibit A) on September 12, 2017.

20. The '300 Patent is entitled "Transmission for a Wheeled Vehicle with a Walking Driver, and Wheeled Vehicle Equipped with Such a Transmission."

21. The face of the '300 Patent identifies Wouter Barendrecht as the inventor and France Reducteurs, Les Herbiers, France as the assignee.

22. The '300 Patent issued from U.S. Application No. 14/785,036, which entered the national patent application phase from PCT Application No. PCT/FR2014/050836, and claims foreign priority to French Patent Application No. 13 53703, filed April 23, 2013.

23. The '300 Patent is valid and enforceable.

24. The '300 Patent generally relates to a transmission for a walk-behind wheeled vehicle in which a motor-driven member, aligned wheel-drive shaft segments, and clutch mechanisms cooperate to drive the wheels and permit declutching under specified operating conditions, including conditions relating to forward overrunning and backward movement.

25. Plaintiff has not licensed Defendants to make, use, sell, offer for sale, import, distribute, induce infringement of, or contribute to infringement of, any product or component practicing any claim of the '300 Patent.

## FACTUAL BACKGROUND

26. Plaintiff is a supplier of transmissions, motors, and controllers for lawn and snow equipment, including walk-behind mower transmissions and integrated drive systems for outdoor power equipment.

27. Defendant YAT USA markets and supports SENIX-branded outdoor power equipment in the United States. Public SENIX product materials identify lawnmowers, including the SENIX X6 60V Max 21-inch Self-Propelled Cordless Lawn Mower, Brushless, Model/SKU LPSX6-H, and provide U.S. customer support through YAT USA contact channels.

4

28. Public product materials for Model/SKU LPSX6-H identify the product as a walk-behind cordless self-propelled lawn mower with a brushless motor, rear-wheel drive, variable-speed self-propelled operation, and a 3-in-1 mowing system.

29. On information and belief, Zhejiang YAT designs, manufactures, assembles, and supplies the Accused Products and/or related accused transmission assemblies in China for importation, distribution, and sale in the United States.

30. On information and belief, YAT USA has offered the Accused Products for sale through SENIX's own online store and through retail channels in the United States.

31. Public YAT corporate materials describe YAT as having sales branches in the United States and Europe, state that "YAT USA Inc. (North American branch)" was established in 2017, and state that a "New YAT US facility was opened in Charlotte, USA" in 2020.

32. On information and belief, Zhejiang YAT and YAT USA operate together as part of the same U.S.-directed commercial channel for the Accused Products, with Zhejiang YAT manufacturing and supplying the Accused Products and accused transmission assemblies and YAT USA importing, marketing, offering for sale, selling, warranting, and supporting them in the United States.

33. Public import-record summaries identify YAT USA shipments from China involving outdoor power equipment and identify Zhejiang YAT as a supplier to YAT USA in connection with outdoor power equipment shipments.

34. Beginning in or about October 2025 and continuing through February 2026, Plaintiff and representatives of YAT USA and Zhejiang YAT held direct discussions concerning the '300 Patent, the accused YAT transmission design, and Plaintiff's infringement position.

35. During those discussions and related correspondence, YAT USA and Zhejiang YAT each received actual notice of the '300 Patent and of Plaintiff's position that the accused YAT transmission designs and related mower products infringe one or more claims of the '300 Patent, including at least Claim 1.

36. YAT disputed infringement and asserted non-infringement positions. Plaintiff reviewed YAT's positions and maintained (and still maintains) that the accused YAT transmission design infringes at least Claim 1 of the '300 Patent.

5

37. No later than February 2, 2026, settlement correspondence concerning the '300 Patent and the accused YAT transmission design was transmitted to YAT USA and Zhejiang YAT contacts, including U.S. and China contacts.

38. Despite actual notice of the '300 Patent and Plaintiff's infringement allegations, Defendants have continued, and on information and belief still continue, to manufacture, supply, import, offer for sale, sell, distribute, warrant, support, encourage use of, and/or contribute to the use of the Accused Products in the United States.

39. Defendants' continued manufacture, supply, importation, marketing, offering for sale, sales, support, and distribution of the Accused Products deprive Plaintiff of the exclusivity secured by the patent laws and cause Plaintiff irreparable harm, including harm to market position, customer relationships, and pricing, in addition to monetary damages.

40. A representative claim chart for Claim 1 of the '300 Patent is attached as Exhibit B. Plaintiff reserves the right to identify additional asserted claims and additional accused instrumentalities in accordance with the Federal Rules of Civil Procedure and the Local Patent Rules of this Court.

## REPRESENTATIVE FACTUAL ALLEGATIONS OF INFRINGEMENT

41. Plaintiff's infringement allegations are based on its review of the '300 Patent, the patent file history, publicly available product materials, import and retail information, materials exchanged by the parties before suit, technical review of the accused YAT transmission design, and Defendants' own stated technical positions.

42. The Accused Products include self-propelled walk-behind lawnmowers and related transmission assemblies using the accused YAT transmission design, including Model/SKU LPSX6-H and any substantially similar product, private-label variant, replacement transmission assembly, or component variant that uses the same accused transmission architecture.

43. Based on Plaintiff's pre-suit review, the accused YAT transmission design includes a casing or housing and a transmission mechanism within the housing, including a driver member, a rotary drive motor, a toothed driven member, and aligned wheel-drive shaft segments configured to drive the rear wheels of a walk-behind self-propelled mower.

6

44. Based on Plaintiff's pre-suit review, the accused transmission assembly further includes a clutch mechanism disposed between the wheel-drive shaft or wheel-drive shaft segments and the driven member. When the driven member rotates in the forward direction, the clutch mechanism engages so as to transmit drive to the wheel-drive shaft segments and rear wheels.

45. Based on Plaintiff's pre-suit review, the accused transmission assembly is deactivatable in a forward overrunning condition when the speed of rotation of the wheel-drive shaft or wheel-drive shaft segment exceeds the speed of rotation of the driven member, thereby permitting freewheel operation.

46. Based on Plaintiff's pre-suit review, the accused transmission assembly is also configured for motor-controlled backward rotation that deactivates the clutch mechanism through backward rotation of the driven member, allowing the wheel-drive shaft and wheel to turn free.

47. On information and belief, Zhejiang YAT manufactures, assembles, and supplies the accused transmission assemblies and mower products for importation and sale in the United States, including through YAT USA.

48. On information and belief, YAT USA imports, markets, offers for sale, sells, distributes, warrants, and supports those accused transmission assemblies and mower products in the United States, including in this District.

49. The representative claim chart attached as Exhibit B identifies, on an element-by-element basis, representative Claim 1 limitations of the '300 Patent and corresponding structures and operation in the Accused Products.

50. The clutch-mechanism detail shown in Exhibit B further illustrates that, as the wheel rotates faster than the driven member, the clutch gear rotates correspondingly faster until the pin hits the ramp side. The ramp side then pushes against the pin, depressing the pin inwardly for disengagement and allowing the clutch to go over the ramp until the next ramp is reached, where the same declutching cycle repeats, thereby permitting the wheel-drive shaft / wheel-drive shaft segment to freewheel until the next ramp interaction.

51. The structures and operation identified above correspond to, and satisfy, limitations of at least Claim 1 of the '300 Patent, either literally or under the doctrine of equivalents.

52. Discovery is expected to confirm additional facts regarding Defendants' accused product architecture, manufacture, importation, sales, retailer and distributor instructions, customer-support instructions, and post-notice infringement.

## COUNT I

## DIRECT INFRINGEMENT OF THE '300 PATENT

## (35 U.S.C. § 271(a))

53. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

54. Defendants have directly infringed and continue to directly infringe one or more claims of the '300 Patent, including at least Claim 1, under 35 U.S.C. § 271(a).

55. YAT USA's acts of direct infringement include offering for sale, selling, importing, and/or using the Accused Products in the United States.

56. Zhejiang YAT's acts of direct infringement include importing, or importing through agents or intermediaries, the Accused Products and accused transmission assemblies into the United States and/or offering for sale and selling the Accused Products and accused transmission assemblies in the United States, including through YAT USA and U.S. retail and distribution channels.

57. Defendants' acts of direct infringement include infringement of at least Claim 1 of the '300 Patent because the Accused Products contain and use a transmission assembly having the components and operation as alleged above and shown in Exhibit B.

58. Defendants' direct infringement has caused and will continue to cause Plaintiff damages, including lost profits and/or a reasonable royalty, in an amount to be determined at trial.

59. Plaintiff is entitled to damages adequate to compensate for Defendants' infringement, in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284.

60. Unless enjoined by this Court, Defendants will continue to directly infringe the '300 Patent.

## COUNT II

## INDUCED INFRINGEMENT OF THE '300 PATENT

## (35 U.S.C. § 271(b))

61. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

8

62. Defendants have induced and continue to induce infringement of one or more claims of the '300 Patent, including at least Claim 1, under 35 U.S.C. § 271(b).

63. Direct infringement has occurred and continues to occur by one or more of Defendants, retailers, dealers, distributors, service providers, and end users who import, offer for sale, sell, distribute, assemble, operate, and/or use the Accused Products in the United States as intended and instructed.

64. Defendants knew of the '300 Patent and knew or were willfully blind to the fact that the acts they encouraged, recommended, promoted, instructed, and facilitated would constitute infringement at least as of the time of the parties' direct discussions beginning in or about October 2025 and no later than the February 2, 2026, settlement correspondence.

65. With knowledge of the '300 Patent and Plaintiff's infringement allegations, YAT USA has specifically intended for others to infringe and has taken affirmative acts to induce infringement, including by marketing the Accused Products as self-propelled walk-behind lawnmowers, advertising rear-wheel-drive self-propelled functionality, offering the Accused Products for sale, supplying product manuals and instructions for use, furnishing warranty and support services, and encouraging the use of the accused transmission assembly in the ordinary and intended manner.

66. With knowledge of the '300 Patent and Plaintiff's infringement allegations, Zhejiang YAT has specifically intended for others to infringe and has taken affirmative acts to induce infringement, including by designing and supplying the Accused Products and accused transmission assemblies for the U.S. market, directing and/or controlling U.S. sales and after-sales channels through YAT USA, providing technical, marketing, product, and support materials for the Accused Products, and encouraging the use of the accused transmission assembly in the ordinary and intended manner.

67. Defendants' induced infringement has caused and will continue to cause Plaintiff damages in an amount to be determined at trial.

68. Plaintiff is entitled to recover damages for Defendants' induced infringement, together with interest and costs under 35 U.S.C. § 284.

# COUNT III

## CONTRIBUTORY INFRINGEMENT OF THE '300 PATENT

### (35 U.S.C. § 271(c))

69. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

70. Defendants have contributorily infringed and continue to contributorily infringe one or more claims of the '300 Patent, including at least Claim 1, under 35 U.S.C. § 271(c).

71. To the extent the Accused Products are not themselves the claimed transmission or claimed walk-behind vehicle, the accused transmission assemblies, drive assemblies, clutch assemblies, wheel-drive components, replacement parts, and materially similar components supplied by Defendants constitute material parts of the patented invention.

72. The accused transmission assemblies and components are especially made or especially adapted for use in an infringing self-propelled walk-behind mower transmission and are not staple articles or commodities of commerce suitable for substantial noninfringing use because their designed and intended use is in the accused self-propelled mower transmission architecture described above and shown in Exhibit B.

73. YAT USA has known that the accused transmission assemblies and components are especially made or especially adapted for use in infringing the '300 Patent at least as of the time of the parties' direct discussions beginning in or about October 2025 and no later than the February 2, 2026, settlement correspondence.

74. Zhejiang YAT has known that the accused transmission assemblies and components are especially made or especially adapted for use in infringing the '300 Patent at least as of the time of the parties' direct discussions beginning in or about October 2025 and no later than the February 2, 2026, settlement correspondence.

75. Defendants have sold, offered for sale, imported, distributed, and/or supplied the accused transmission assemblies and components and have caused others to combine and use them in the Accused Products in a manner that infringes the '300 Patent.

76. Plaintiff is entitled to recover damages for Defendants' contributory infringement, together with interest and costs under 35 U.S.C. § 284.

## COUNT IV

## WILLFUL INFRINGEMENT OF THE '300 PATENT

## (35 U.S.C. §§ 284 AND 285)

77. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

78. Defendants had actual knowledge of the '300 Patent and Plaintiff's infringement allegations at least as of the time of the parties' direct discussions beginning in or about October 2025 and no later than the February 2, 2026, settlement correspondence.

79. Defendants also had actual knowledge of Plaintiff's detailed infringement position, including Plaintiff's position that the accused YAT transmission design infringes at least Claim 1 of the '300 Patent, and Plaintiff's representative claim chart and technical analysis that reflected that position.

80. After receiving actual notice of the '300 Patent and Plaintiff's infringement position, Defendants continued and still continue to manufacture, supply, import, offer for sale, sell, distribute, warrant, support, encourage use of, and/or contribute to the use of the Accused Products and accused transmission assemblies in the United States.

81. Defendants' continued infringement after actual notice was deliberate, intentional, and in reckless disregard of Plaintiff's patent rights, making this an appropriate case for enhanced damages under 35 U.S.C. § 284 and, upon proof, an exceptional case under 35 U.S.C. § 285.

82. Plaintiff is entitled to an award of enhanced damages up to three times the amount found or assessed for Defendants' willful infringement, together with interest, costs, and all other relief available by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants and grant the following relief:

A. A judgment that Defendants have infringed one or more claims of the '300 Patent, including at least Claim 1;

B. A judgment that Defendants have directly infringed the '300 Patent under 35 U.S.C. § 271(a);

C. A judgment that Defendants have induced infringement of the '300 Patent under 35 U.S.C. § 271(b);

D.      A judgment that Defendants have contributorily infringed the '300 Patent under 35 U.S.C. § 271(c);

E.      A judgment that Defendants' infringement has and continues to be willful;

F.      An award of damages adequate to compensate Plaintiff for Defendants' infringement, including lost profits and/or a reasonable royalty, in an amount to be determined at trial;

G.      An award of enhanced damages under 35 U.S.C. § 284;

H.      A preliminary and permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, parents, subsidiaries, affiliates, distributors, retailers, dealers, and all persons acting in active concert or participation with them from further infringement of the '300 Patent;

I.      An order requiring Defendants to provide an accounting of all infringing sales, offers for sale, importations, distributions, and related revenues and profits;

J.      An award of pre-judgment and post-judgment interest;

K.      An award of Plaintiff's costs and taxable disbursements;

L.      A determination that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees under 35 U.S.C. § 285;

M.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

83.     Plaintiff demands a trial by jury on all issues so triable.

Dated: July 22, 2026                    Respectfully submitted,

**MCDERMOTT IP LAW**

/s/Richard M. McDermott

Richard M. McDermott
North Carolina Bar No. 21201
2108 South Blvd, Suite 104
Charlotte, North Carolina 28203
704-451-2126
rick@mcdermottiplaw.com

**SOFER & HAROUN LLP**

Joseph Sofer
Greg Antrim
110 West 40th Street, Suite 2001
New York, New York 10018

***Counsel for Plaintiff France Reducteurs SA,
d/b/a General Transmissions***